# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1143-17T4

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

LUIS O. CAMACHO, a/k/a
HITLER R. SANTANA GARCIA,
HITLER GAR RAHDAMES
SANTANA, and KEVIN REYS,

 Defendant-Appellant.

_____

Submitted January 16, 2019 – Decided March 22, 2019

Before Judges Fuentes and Accurso.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 17-03-0380.

Joseph E. Krakora, Public Defender, attorney for appellant (Stefan Van Jura, Deputy Public Defender, of counsel and on the brief).

Andrew C. Carey, Middlesex County Prosecutor, attorney for respondent (Patrick F. Galdieri, II, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Luis O. Camacho appeals from his conviction for second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a)(1), following a bench trial. The judge acquitted him of charges of second-degree attempted aggravated sexual assault, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:14-2(a)(2)(c), third-degree aggravated criminal sexual contact, N.J.S.A. 2C:14-3(a), and fourth-degree criminal sexual contact, N.J.S.A. 2C:14-3(b). Defendant claims the judge failed to find him guilty of endangering beyond a reasonable doubt. We disagree and affirm.

The State alleged defendant inappropriately touched his girlfriend's daughter Louise[1] over a period of more than two years. Louise is deaf. She was thirteen and in eighth grade when the abuse began. Louise lived with her mother and defendant for eight years until his arrest on these charges. She testified defendant, whom she trusted and often confided in when bullied at school, touched her breasts, buttocks and vagina, both over and under her clothes, on multiple occasions when "no one else was around." She also claimed he forced her to masturbate him on five occasions despite her resisting his advances.

---

[1] Louise is not the victim's real name. See R. 1:38-3(c)(12).

Louise told no one about defendant's abuse until she was in the tenth grade, when she finally confided in a friend. At her friend's urging, Louise talked to a school counselor about defendant touching her. The counselor alerted the Division of Child Protection and Permanency, which referred the matter to the prosecutor, resulting in defendant's arrest. Both the friend and the counselor were permitted to testify as fresh-complaint witnesses at defendant's bench trial.

At the close of the State's case, defendant moved for acquittal on all counts claiming the State failed to prove he stood in a relationship of in loco parentis in the household. The judge deferred decision and defendant testified in his own behalf, denying Louise's allegations. After both parties rested, the State requested a lesser-included charge of third-degree endangering, which the court granted.

After considering the evidence and closing arguments, the court rendered an opinion from the bench granting defendant's motion for acquittal on the charges of attempted aggravated sexual assault, aggravated criminal sexual contact and criminal sexual contact and finding him guilty of second-degree endangering. Specifically, the judge found that Louise, although initially describing defendant "like a dad" to her, ultimately described him as "not a

father" but rather "a friend."  Applying the standard of State v. Reyes, 50 N.J. 454, 458-59 (1967), "giving the State the benefit of all of its favorable testimony as well as all of the favorable inferences which reasonably could be drawn therefrom," the judge found the State could not establish "the element of in loco parentis," and thus that no "reasonable jury could find guilt of the charge[s] [including that element] beyond a reasonable doubt."

The court further found the charge of second-degree endangering did not require a finding of in loco parentis, but only that defendant, having "assumed responsibility for the care of a child," engaged in sexual conduct which would impair or debauch her morals.  See State v. McInerney, 428 N.J. Super. 432, 442-43 (App. Div. 2012) (noting the requirement of "general and ongoing responsibility for the care of the child" may be based on cohabitation with the child's parent (quoting State v. Galloway, 133 N.J. 631, 661 (1993))).  Finding it undisputed that defendant had cohabited with Louise's mother for eight years, the judge specifically noted Louise's testimony that she trusted and confided in defendant and that he "would try to make her feel better if she was upset" from having been bullied at school.  Based on Louise's "extremely credible testimony," the judge found defendant's relationship with Louise satisfied the

statute's requirement of his having assumed responsibility for her care, and his sexual contact with her made him guilty of second-degree endangerment.

Defendant appeals, raising the following arguments:

POINT ONE

THE CONVICTION MUST BE REVERSED BECAUSE THE COURT APPLIED A BURDEN OF PROOF LOWER THAN THE CONSTITUTIONALLY-REQUIRED REASONABLE DOUBT STANDARD. (Not Raised Below)

POINT TWO

CUMULATIVE AND PREJUDICIAL FRESH COMPLAINT EVIDENCE DENIED DEFENDANT A FAIR TRIAL. (Not Raised Below)

Because defendant raises these issues for the first time on appeal, we review them under a plain error standard, meaning we disregard such errors unless "clearly capable of producing an unjust result." R. 2:10-2; State v. Daniels, 182 N.J. 80, 95 (2004); State v. Macon, 57 N.J. 325, 337 (1971). One of the reasons we deal with claims of error that could have been, but were not, raised at trial differently from those timely challenged is because "[i]t may be fair to infer from the failure to object below that in the context of the trial the error was actually of no moment." Macon, 57 N.J. at 333. In such case, we will reverse a defendant's conviction only if we are convinced there was error

"sufficient to raise a reasonable doubt as to whether the error led the [court] to a result it otherwise might not have reached." Id. at 336. Employing that standard convinces us that neither of defendant's arguments is of sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(2).

Defendant's argument that the judge convicted him by applying a lesser standard than beyond a reasonable doubt is based on a single isolated phrase in the judge's oral opinion. Having just acquitted defendant of three counts of the indictment because the State could not prove the element of in loco parentis beyond a reasonable doubt, viewing the evidence and all reasonable inferences in its favor, the judge moved immediately to distinguish the endangerment statute's requirement of defendant having "assumed responsibility" for the child. Recounting Louise's testimony, the judge said

> [t]he evidence and available inferences viewed in the light most favorable to the State were adequate to prove in my eyes beyond a reasonable doubt that the defendant had assumed responsibility for the care of [Louise] when he engaged in conduct that would tend to impair and debauch the morals of [Louise].

We have no doubt that had defendant brought the court's misstatement to its attention when uttered, it would have immediately corrected the gaff. We find no evidence the court applied the wrong standard in convicting defendant of endangerment. Besides our general confidence in the court's awareness of

6

the requirement that the State prove each element of every offense charged beyond a reasonable doubt based on the credible evidence in the record, see State v. Di Frisco, 118 N.J. 253, 276 (1990), the judge several times addressed the requirement throughout the trial and in the course of rendering his verdict. Having reviewed the record, we are confident defendant was convicted of all elements of endangerment beyond a reasonable doubt, based on the credible evidence viewed objectively and not in the State's favor, and thus reject defendant's belated claim of plain error. See State v. Daniels, 182 N.J. 80, 95 (2004).

As to defendant's claim that he was denied a fair trial based on "cumulative and prejudicial" fresh-complaint evidence, the judge several times reiterated the fresh-complaint testimony was being admitted "only to rebut the assumption that the victim did not report an incident of sexual abuse" and not to corroborate her allegations. See State v. R.K., 220 N.J. 444, 456 (2015). Defendant has provided us no basis to second guess the trial court's decision to admit the fresh-complaint testimony to counter any suggestion she fabricated the allegations, see State v. Mauti, 448 N.J. Super. 275, 313 (App. Div. 2017), and we have no reason to suspect the judge considered the testimony as bolstering Louise's credibility or as substantive evidence of guilt.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1143-17T4